# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

OF THE STATE OF NEW-JERSEY,

JULY TERM, 1844.

---

JOHN WHITTEMORE v. JOHN G. COSTER et al.

A court of equity will sustain an original bill filed to correct a former decree of the same court.

BILL for relief, filed October first, eighteen hundred and forty-two. The bill states that the Monroe Manufacturing Company, by deed bearing date on the thirty-first day of August, eighteen hundred and thirty-nine, for the consideration of five thousand dollars, conveyed to the complainant a lot of ground in Paterson, in the bill of complaint particularly described, with a mill and buildings thereon, which said deed was duly acknowledged and recorded. That upon receiving the said deed, the complainant immediately went into possession of the said premises; that his possession has been public and notorious, and that he has spent large sums of money in making repairs and improvements thereon. That at the time of the purchase, he believed the said premises to be clear of incumbrances, and he paid a full consideration for a perfect and unincumbered title thereto.

That on an investigation of the title to the said premises at the time of his purchase, the complainant ascertained that the premises were conveyed to the Monroe Manufacturing Compa-

ny by the "Society for establishing useful Manufactures," by deed dated on the thirteenth of August, eighteen hundred and thirty-eight, duly acknowledged and recorded. That the title of the said the Society for establishing useful Manufactures to the said premises was ancient and unquestioned, and that the premises had not been incumbered by the Monroe Manufacturing Company.

That the complainant had no knowledge or intimation of any pretended incumbrance or claim upon the said premises, until, about two months before the filing of his bill, he learned that the said lot was advertised for sale, upon an execution issued out of this court, upon a decree rendered in a cause in which John G. Coster is complainant, and the Monroe Manufacturing Company and Andrew Parsons are defendants.*

That the complainant has ascertained that the said decree was obtained by the said John G. Coster, upon a bill filed by him to foreclose the equity of redemption in certain premises, mortgaged to said Coster by Francis Mann and John W. Berry, on or about the fourteenth of February, eighteen hundred and thirty-one, to secure the payment of a bond for two thousand dollars, with interest. That the consideration of the said bond and mortgage was a part of the purchase money of said mortgaged premises, conveyed by said Coster to Mann and Berry, and that the premises so conveyed, included the lot purchased by the complainant of the Monroe Manufacturing Company. That the premises conveyed by Coster to Mann and Berry, passed by sundry mesne conveyances to Samuel G. Wheeler, and were by him incumbered by a mortgage to secure the payment of sixteen thousand dollars, which is now held by Andrew Parsons, and from the said S. G. Wheeler to the Monroe Manufacturing Company.

That in the supreme court of this state, at the term of May, eighteen hundred and thirty-eight, a judgment was recovered by the Society for establishing useful Manufactures, in an action of ejectment brought by them, for the recovery of the lot so as

* See ante, vol. i. page 467.

[Whittemore v. Coster et al.]

aforesaid conveyed to the complainant, and a writ of *habere facias* having issued upon the said judgment, and being about to be executed, the Monroe Manufacturing Company purchased the said lot, and procured a title therefor from the Society for establishing useful Manufactures; the previous title acquired by them for said premises, under the said John G. Coster, being utterly defective.

The bill further charges, that the said John G. Coster had notice of the said action of ejectment, and refused to defend the same. That on the bill filed by him as aforesaid against the Monroe Manufacturing Company, to foreclose the mortgage given by Mann and Berry, the said The Monroe Manufacturing Company claimed, and were by the decree of this court allowed, as a set off against the amount of the said mortgage, the damages sustained by reason of the defect of title of the said John G. Coster in the lot of complainant, conveyed or pretended to be conveyed by the said Coster to Mann and Berry. That a decree was made in the said cause for the sale of so much of the mortgaged premises described in the bill of complaint as would satisfy the balance due on the mortgage of the said Coster, after deducting the said damages; and an execution issued thereupon to a master of the court, by virtue of which he had advertised for sale the whole of the said mortgaged premises, including the lot of the complainant, and was about to proceed to sell the same.

The bill further states, that the Monroe Manufacturing Company had been declared to be insolvent, and receivers had been appointed.

Charges that Coster, being one of the grantors to Berry and Mann, knew, or was bound to know, the extent of the grantor's title, and that it did not embrace the lot of the complainant; and that the said Coster, well knowing that the said lot, though embraced within the lines of his mortgage, was not bound thereby; that it had been recovered by the Society for establishing useful Manufactures, in an action of ejectment against the title through which the mortgage was derived, and

that it was afterwards purchased by the complainant for a valuable consideration, unlawfully proceeded to take a decree for the sale of the whole of the premises described in his mortgage, and to procure an execution to be issued accordingly, and insists upon making sale, by virtue thereof, of the lot so as aforesaid conveyed to the complainant.

The prayer of the bill is, that the court will decree that neither the mortgage of Coster or Parsons constitutes any lien or incumbrance upon the complainant's lot, and that the decree and execution in the suit of the said Coster, may be so rectified and amended, as not to embrace or affect the lot of the complainant; or that the court by its order and decree, will perpetually restrain the said Coster from proceeding to a sale of the complainant's lot, by virtue of the said execution. That the said Parsons may be restrained from proceeding upon his mortgage against the lot of the complainant, and that the other defendants may be decreed to have no right or interest therein.

A decree *pro confesso* was taken against all the defendants except John G. Coster, who demurred to the bill. Hearing upon the demurrer.

*E. Vanarsdalc,* for defendant, in support of the demurrer.

*E. B. D. Ogden* and *A. Whitehead,* for complainant, contra.

Cases cited by defendants' counsel: *Cooper, Pl.* 182; 2 *Anstruther,* 469; 2 *Con. Eng. Chan.* 439; *Ibid,* 441; 12 *Con Eng. Chan.* 507; 1 *Mad.* 57; 4 *John Chan.* 202; 2 *Mason,* 200, 1.

Cases cited by complainant's counsel: *Milford's Pl.* 147; *Cooper's Eq.* 185; 1 *Atkyns,* 282; 12 *Vesey,* 58; 1 *Vernon,* 463; 2 *Sch. and Lef.* 367; 6 *John. Chan.* 139, 157; *Saxton's R.* 35; *Story's Eq.* (ed. of 1838,) 226, note, 227; 5 *Mad.* 94; 1 *Story's Eq.* 74; *Calvert on Parties,* 1; 12 *Con. Eng. Chan.* 530.

[Whittemore v. Coster et al.]

THE CHANCELLOR. There is a decree *pro confesso* against all the defendants but John G. Coster, who demurs to the bill for multifariousness; and first, because of unnecessary parties.

The defendants, if not all necessary, are not improper parties.

Most of them have an interest in the object of the suit, and are, therefore, proper and necessary parties: *Calvert on Parties, ch.* 1, *sec.* 1, *p.* 3; *Story's Eq. Pl. sec.* 77, 97, and cases there referred to.

Coster is made defendant because he was the complainant in a former bill, and is charged with wrongfully pressing a sale of the premises claimed by the present complainant, Whittemore.

Parsons, as the assignee of the mortgage given by Wheeler to Lawrence, on the same premises, and entitled to the surplus.

Mann and Berry, as the mortgagors to Coster, and obligors, responsible for the residue on the bond, after deducting the amount of the sales, and directly interested in the result of those sales.

The Monroe Manufacturing Company, as mortgagors to Coster, and grantees of the equity of redemption, are not necessary, but are proper and usual parties: *Vreeland* v. *Loubat*, 1 *Green's Chan.* 104.

The complainant may make them parties, if he choose, and the bill is not on that account demurable: *Chester* v. *King and others*, 1 *Green's Chan.* 405.

The receivers, as the representatives of the company, are to be regarded in the same light.

The second ground of objection is, multifariousness in the object of the bill, which seeks a reversal or correction of a former decree.

This presents a more serious question, namely, whether a court of equity will sustain an original bill filed to correct a former decree.

Judge Story, in his *Equity Pleadings*, 342, *sec.* 426, says,

[Whittemore v. Coster et al.]

" There is no doubt of the jurisdiction of courts of equity, to grant relief against a former decree, where the same has been obtained by fraud and imposition; for these will infect judgments at law, and decrees of all courts; but they annul the whole in the consideration of courts of equity. This must be done by an original bill; and there is no instance of its being done by petition, though it seems once to have been thought that a decree as well as an interlocutory order, could be set aside for fraud, by petition only. Where a decree has been so obtained, the court will restore the parties to their former situation, whatever their rights may be."

In *Sheldon* v. *Fortescue Aland*, 3 *P. W.* 111, lord chancellor King says, " I admit even a decree, much more an interlocutory order, if gained by collusion, may be set aside on petition; *a fortiori*, may the same be set aside by bill." But it is supposed that this was said in relation to a case in which the decree had not been enrolled, and where the fact of fraud could not be controverted.

And in *Mussel* v. *Morgan*, 3 *Bro. Chan. R.* 74, lord Thurlow expressly overruled the doctrine of relief by petition, and said he could see no reason why it might not be obtained by an original bill, in the nature of a bill of review.

In *Cocker* v. *Bevis*, 1 *Chan. Cases*, 61, a bill for such purpose was sustained, not so much on the ground of fraud, as on its own special circumstances, namely, that the original decree of foreclosure was to be entered unless the money was paid at a certain time, and the money was not paid, from circumstances of inevitable necessity, without wilful default.

There is no express allegation of fraud in this bill, but the facts set forth are such that it is difficult to divest them of the charge of fraud.

If the defendant, Coster, as the bill charges and the demurrer for the purpose of this argument admits, knew that the description of his mortgage embraced more land than the mortgagor had title to, yet took his decree for the whole, and insists upon

[Whittemore v. Coster et al.]

selling the whole, to the prejudice of the complainant, it looks very much like fraud.

If the allegation is untrue, he may call its truth in question by his answer, and relieve himself of the implication of fraud.

Whether there is fraud or not in the case, the special circumstances of it forbid the allowance of the demurrer.

The defendant may avail himself of the objection, if there is anything in it, by plea or answer, and I deem it best to retain the bill for further inquiry.

Let the demurrer be overruled, with costs.

Order accordingly.